UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SAID HAJEM,                                    Civil Action No.

                Plaintiff,               COMPLAINT

-against-

LEROS POINT TO POINT, INC.,
JOHN J. NYIKOS, JEFFREY NYIKOS,
and CHRISTOPHER NYIKOS,

                Defendants.
-------------------------------------------------------X

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In

addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Said Hajem ("Plaintiff") is a resident of Katonah, New York.

6. Plaintiff was employed as a driver by the Defendants from on or about June 2013 until on or about September 27, 2015.

7. The Defendant, Leros Point to Point, Inc. ("Leros"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Leros owns and operates a ground transportation company with a principal place of business in Hawthorne, New York.

9. At all relevant times, Leros has been an employer under the FLSA and New York Labor Articles.

10. The Defendant, John J. Nyikos, is an individual residing in the State of New York.

11. John J. Nyikos is an officer, director, and/or managing agent of Leros who participated in the day-to-day operations of Leros. Upon information and belief, at all times relevant, John J. Nyikos exercised operational control over Leros, controlled significant business functions of Leros, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Leros in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees of Leros. As such, at all relevant times,

John J. Nyikos has been an employer under the FLSA and the NYLL. John J. Nyikos is jointly and severally liable with Leros.

12. The Defendant, Jeffrey Nyikos, is an individual residing in the State of New York.

13. Jeffrey Nyikos is an officer, director, and/or managing agent of Leros who participated in the day-to-day operations of Leros. Upon information and belief, at all times relevant, Jeffrey Nyikos exercised operational control over Leros, controlled significant business functions of Leros, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Leros in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees of Leros. As such, at all relevant times, Jeffrey Nyikos has been an employer under the FLSA and the NYLL. Jeffrey Nyikos is jointly and severally liable with Leros.

14. The defendant, Christopher Nyikos, is an individual residing in the State of New York.

15. Christopher Nyikos is an officer, director, and/or managing agent of Leros who participated in the day-to-day operations of Leros. Upon information and belief, at all times relevant, Christopher Nyikos exercised operational control over Leros, controlled significant business functions of Leros, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Leros in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees of Leros. As such, at all relevant times, Christopher Nyikos has been an employer under the FLSA and the NYLL. Christopher Nyikos is jointly and severally liable with Leros.

## FACTS

16. Plaintiff's primary job duties were to transport customers of defendants in small passenger vehicles to and from their destinations.

17. Plaintiff's primary job duties often included transporting customers of defendants to and from New York, New York.

18. During plaintiff's employment, defendants paid him on a commission only basis.

19. Plaintiff was never paid by the hour.

20. Plaintiff was never paid a guaranteed salary.

21. Plaintiff was only paid a percentage of the total amount defendants charged their customers.

22. During plaintiff's employment, plaintiff signed in when he arrived at the defendants' facility in Hawthorne, New York when his shift began.

23. During plaintiff's employment, plaintiff signed out at the defendants' Hawthorne facility when his shift ended.

23. From June 2013 to on or about January 2014, plaintiff worked 6 days a week with his off day being Saturday.

24. During this time, plaintiff worked shifts of at least 12 hours per day.

25. During this time, plaintiff worked at least 72 hours a week.

26. Defendants are in possession of plaintiff's time records for this time period which will show the exact amount of hours he worked each day of each week.

27. During this time, defendants did not pay plaintiff overtime compensation.

28. During this time, defendants did not pay plaintiff time and a half his regular rate of pay when he worked more than 40 hours each week.

29. From on or about January 2014 to on or about September 2015, plaintiff worked 3 to 4 shifts each week.

30. During this time, plaintiff worked shifts of more than 10 hours for each day that he worked.

4

31. During this time, plaintiff was not paid the statutory minimum wage for all hours that he worked.

32. During this time, plaintiff was not paid time and a half his regular rate of pay when he worked more than 40 hours.

33. During this time, plaintiff was not paid spread of hours pay when he worked shifts of more than 10 hours.

34. Defendants are in possession of plaintiff's time records for this time period which will show the exact amount of hours he worked each day of each week.

35. During plaintiff's employment, defendants routinely failed to pay plaintiff proper commissions in accordance with the commission agreement plaintiff had with defendants.

36. During plaintiff's employment, defendants routinely and unlawfully retained gratuities that they charged to customers that were supposed to be given to plaintiff.

37. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

38. Defendants have been aware of Plaintiff's work hours, but have failed to pay Plaintiff the full amount of wages to which he is entitled to for this work time under the law.

39. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

40. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

41. At all times relevant to this Complaint, Defendants have "employed" Plaintiff suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

42. At all times relevant to this Complaint, Leros was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

43. At all time relevant to this Complaint, plaintiff was engaged in commerce within the meaning of the FLSA.

44. Upon information and belief, the gross annual volume of sales made or business done by Leros during the years 2015, 2014, and 2013 was not less than $500,000.00 each year.

45. Defendants' failures to pay overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

46. Defendants' failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

47. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

48. As a result of Defendants' violations of the FSLA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FLSA Minimum Wage Claim

49. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

50. Defendants routinely and regularly failed to pay plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

51. As a result of Defendants' unlawful practices, plaintiff suffered a loss of wages.

52. As a result of Defendants' violations of the FSLA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## NYLL Overtime Claim

53. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

54. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

55. At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

56. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

57. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

58. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
### NYLL Spread of Hours Claim

59. That the Plaintiff worked shifts of more than ten hours for many workdays during his employment.

60. That the Defendants never paid spread of hours pay to the Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

61. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

62. As a result of defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
### NYLL Minimum Wage Claim

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

65. As a result of Defendants' unlawful practices, the Plaintiff has suffered a loss of wages.

66. As a result of defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VI
## NYLL 191 & 198

67. That the plaintiff was paid on a commission basis during his employment with the defendants.

68. That in accordance with the commission agreement between plaintiff and defendants, plaintiff was supposed to be paid 40% of the total amount charged to defendants' customers.

69. That during plaintiff's employment, defendants regularly failed to pay plaintiff the full amount of commissions that he had earned.

70. That during his employment, plaintiff complained to defendants that he was not being paid proper commissions.

71. That in response, defendants terminated the plaintiff on or about September 27, 2015.

72. That defendants failed to pay plaintiff any of his earned commissions for the last few weeks of his employment.

73. That the plaintiff has been damaged by defendants' conduct.

74. By virtue of the defendants' violation of the New York State Labor Law, the plaintiff is entitled to recover from the defendants all unpaid commissions and all monies due him.

75. By virtue of the defendants' willful conduct, the defendant is required to pay to the plaintiff liquidated damages in an amount equal to the total amount of wages due him plus interest.

## COUNT VII
## NYLL SECTION 196-d

76. That the defendants charged a mandatory 20% gratuity charge to each of the customers that plaintiff serviced.

77. That plaintiff was entitled to receive these mandatory gratuity charges in their entirety.

78. That defendants routinely and unlawfully withheld portions of these gratuities from the plaintiff.

79. That the plaintiff has been damaged by defendants' conduct.

80. By virtue of the defendants' violation of the New York State Labor Law, the plaintiff is entitled to recover from the defendants all unpaid gratuities and all monies due him.

81. By virtue of the defendants' willful conduct, the defendant is required to pay to the plaintiff liquidated damages in an amount equal to the total amount of wages due him plus interest.

## COUNT VIII
## NYLL Retaliation Claim

82. That during his employment, plaintiff complained to defendants about not being paid overtime compensation, proper commissions, and all gratuities that he was entitled to receive.

83. In September, 2015, plaintiff continued complaining to defendants about not being properly paid.

84. That in response, defendants terminated plaintiff.

85. That the decision to terminate plaintiff was made, at least in part, by a retaliatory animus.

86. That as a result, the Defendants violated the anti-retaliatory provision of the NYLL and these Plaintiffs have incurred harm and loss in an amount to be determined at trial, along

with lost wages, liquidated damages, attorney's fees and costs of litigation, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(A) Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. sections 206 and 207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

(B) Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees.

(D) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
January 6, 2016

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Said v. Leros Point to Point, Inc. Leros Management, Inc., John Nyikos, Jeffrey Nyikos, and Christopher Nyikos</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
October 19, 2015

*/s/ Said Hajem*
Said Hajem